Filed 10/6/21  In re R.S. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| In re R.S., a Person Coming Under the Juvenile Court Law. | |
| | D078942 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. EJ4424) |
| v. | |
| K.J., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Gary M. Bubis, Judge.  Reversed.

Matthew I. Thue, under appointment by the Court of Appeal, for Defendant and Appellant.

Lonnie J. Eldridge, County Counsel, Caitlin E. Rae, Chief Deputy County Counsel, and Emily Harlan, Deputy County Counsel, for Plaintiff and Respondent.

K.J. (Mother) appeals from the juvenile court's orders terminating her parental rights over her daughter, R.S., pursuant to Welfare and Institutions Code section 366.26.[1] Mother contends the court erred by not complying with the inquiry provisions of the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.).

The San Diego County Health and Human Services Agency (the Agency) concedes in a letter brief that a limited reversal and remand is appropriate to ensure ICWA compliance. In particular, the Agency concedes the juvenile court erred by failing to make express ICWA findings at the section 366.26 hearing. The Agency further concedes that this error was not harmless because at the time of the section 366.26 hearing, the Agency had not contacted the pertinent tribes following a claim of potential Indian heritage in R.S.'s paternal family, and thus the Agency had not satisfied the further inquiry requirements under ICWA. The Agency therefore requests a limited remand to permit the Agency to complete adequate further inquiry into R.S.'s potential claim of Indian heritage.

We accept the Agency's concession. We therefore conditionally reverse the orders entered at the section 366.26 hearing and remand for compliance with the further inquiry provisions of ICWA.

FACTUAL AND PROCEDURAL BACKGROUND

Given the limited scope of this appeal, we provide an abbreviated summary of the dependency proceedings and focus on the facts relevant to the ICWA findings.

The Agency initiated these dependency proceedings under section 300 subdivision (b)(1) on behalf of R.S. in July 2019, alleging there was a

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

2

substantial risk R.S. would suffer serious physical harm or illness based on Mother's failure to provide adequate supervision. The agency alleged Mother was under the influence of methadone on or about July 9, 2019 when she left then one-month-old R.S. unattended and unsupervised at a convenience store.

At the detention hearing on July 11, 2019, the juvenile court found a prima facie showing that R.S. was described by section 300, subdivision, (b)(1) and ordered R.S.'s placement in a foster home. R.S.'s father, S.S. (Father),[2] filed an ICWA-020 Parental Notification of Indian Status form at the hearing stating he may have Cherokee Indian ancestry. Mother also filed an ICWA-020 form indicating she had no Indian ancestry as far as she knew. The juvenile court found that ICWA "may" apply and ordered the Agency to investigate.

A social worker spoke with a paternal aunt regarding the paternal family's Indian ancestry a few days later. The paternal aunt reported the paternal grandmother, B.T., was part Cherokee, but she was a grandmother through marriage with no blood lineage to the family. Additionally, the paternal great-great-grandmother "may have had some percentage of Cherokee but she was not known to live on a reservation" or to have claimed any benefits from a tribe. The paternal aunt indicated she had been curious about her own Indian status and had done searches into the family lineage, but found no "verifiable proof."

The paternal aunt called the social worker back later that day after speaking with a cousin. The cousin told the paternal aunt, "Our great grandmother [B.T.] was never on a roll or reservation. The family has done

---

[2]    Father is not a party to this appeal.

numerous searches (with various cousins) and no one could verify we had any lineage."

When the social worker spoke with Father a few days later, he admitted the paternal aunt "probably had more accurate information regarding ICWA than him." Father indicated he was not aware of anyone being born on a reservation, living on a reservation, being registered with a tribe, or receiving benefits from a tribe.

At the initial jurisdiction and disposition hearing on August 1, 2019, the juvenile court found the Agency completed further inquiry as required under ICWA, and there was no reason to know R.S. was an Indian child. The court did not make further ICWA findings or orders at any future hearings.

At the contested section 366.26 hearing[3] on April 22, 2021, the juvenile court terminated parental rights and selected a permanent plan of adoption for R.S. The court took judicial notice of the prior findings and orders in the case. However, the court did not expressly find at the section 366.26 hearing that ICWA did not apply.

## DISCUSSION

The Agency concedes that proper inquiry under ICWA was not completed at the time of the section 366.26 hearing, and we accept its concession. The juvenile court and the Agency have an affirmative and continuing duty to inquire whether a dependent child "is or may be an Indian child" in all dependency proceedings. (§ 224.2, subd. (a).) California's current statutory scheme contains "three distinct duties regarding ICWA in dependency proceedings. First, from the Agency's initial contact with a minor and his family, the statute imposes a duty of inquiry to ask all involved

---

[3] The section 366.26 hearing was held via videoconference and telephone pursuant to Emergency Rule of Court 3(a).

4

persons whether the child may be an Indian child. ([*Id.*], subds. (a), (b).) Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then the Agency 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.' (*Id.*, subd. (e), italics added.) Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply. (See § 224.2, subd. (c) [court is obligated to inquire at the first appearance whether anyone 'knows or has reason to know that the child is an Indian child']; *id.*, subd. (d) [defining circumstances that establish a 'reason to know' a child is an Indian child]; § 224.3 [ICWA notice is required if there is a 'reason to know' a child is an Indian child as defined under § 224.2, subd. (d)].).)" (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.)

After a "reason to believe" that an Indian child is involved has been established, further inquiry regarding the possible Indian status of the child is required. (§ 224.2, subd. (e).) The duty of further inquiry includes (1) interviewing the parents and extended family members; (2) contacting the Bureau of Indian Affairs (BIA) and State Department of Social Services for assistance in identifying the names and contact information of the tribes in which the child may be a member, or eligible for membership; and (3) contacting tribes and anyone else that might have information regarding the child's membership or eligibility in a tribe. (*Id.*, subd. (e)(2).)

The evidence in the record shows the Agency satisfied the first component of its duty of further inquiry to interview extended family members. After Father reported possible Cherokee Indian ancestry in the ICWA-020 form, the Agency contacted R.S.'s paternal aunt to discuss the paternal lineage. She confirmed R.S. may have Cherokee heritage, either

5

through blood lineage or through a grandmother-by-marriage. However, she was unable to find "verifiable proof" of the family's Indian ancestry through her own searches. The paternal aunt also confirmed with a cousin that the family had done various searches but had been unable to confirm any Indian heritage. Father conceded the paternal aunt "probably" knew more about the family lineage than he did, and he did not provide any further information related to ICWA. On this record, the Agency met its obligation under section 224.2, subdivision (e)(2)(A) to contact R.S.'s extended family members and was not required to "cast about" for further investigative leads within the paternal family. (*In re Levi U.* (2000) 78 Cal.App.4th 191, 199; see also *In re A.M.* (2020) 47 Cal.App.5th 303, 323 [further inquiry of extended family members is not required where the parent fails to provide the Agency with any information requiring follow-up].)

However, the Agency concedes that inquiry into R.S.'s potential Indian heritage was not completed because the pertinent tribes were never contacted. Pursuant to section 224.2, subdivision (e)(2)(C), the Agency must contact "the tribe or tribes and any other person that may reasonably be expected to have information regarding the child's membership, citizenship status, or eligibility." The Agency's contact with the tribe "shall include sharing information identified by the tribe as necessary for the tribe to make a membership or eligibility determination, as well as information on the current status of the child and the case." (*Ibid*.)

There is no evidence in the record that the Cherokee tribes were ever contacted about R.S.'s potential tribal membership or eligibility. Additionally, there is no statement in the record from the pertinent tribes about their current membership criteria. The Agency submits that the failure to contact the pertinent tribes under these circumstances was not

clearly harmless error. Thus, the juvenile court's findings at the initial jurisdiction and disposition hearing that adequate inquiry was completed lacks substantial evidence, and the Agency concedes it would be improper to impute such findings to the juvenile court's orders entered at the section 366.26 hearing. We accept this concession and therefore remand the matter for the limited purpose of allowing the Agency to complete further inquiry under section 224.2, subdivision (e)(2)(C), and for the court to determine, on the record, whether ICWA applies.[4]

## DISPOSITION

The findings and orders entered at the section 366.26 hearing are conditionally reversed. The matter is remanded with instructions for the juvenile court to order the Agency to comply with the further inquiry provisions under section 224.2, subdivision (e)(2)(C) regarding R.S.'s Cherokee membership status or eligibility. If, after proper further inquiry, the court finds a reason to know that R.S. is an Indian child, the court must provide notice in accordance with ICWA. If the court finds that R.S. is an Indian child, then the court must conduct a new section 366.26 hearing and any further proceedings in compliance with ICWA and California law. If the

---

[4] In her opening brief, Mother raises the Agency's failure to contact the BIA as an additional basis for establishing error in the ICWA inquiry. Further inquiry under section 224.2, subdivision (e)(2)(B) requires: "Contacting the [BIA] and the State Department of Social Services for *assistance in identifying the names and contact information* of the tribes in which the child may be a member, or eligible for membership in, and contacting the tribes and any other person that may reasonably be expected to have information regarding the child's membership status or eligibility." (Emphasis added.) Here, there is no lack of clarity regarding the names of the tribes or an indication there would be difficulty contacting the tribes. Based on the record in this case, the duty of further inquiry did not include contacting the BIA.

court finds that R.S. is not an Indian child, the section 366.26 orders terminating parental rights shall be reinstated.

HALLER, J.

WE CONCUR:


McCONNELL, P. J.


HUFFMAN, J.